**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| **METROPOLITAN SCHOOL DISTRICT OF SOUTHWEST ALLEN COUNTY SCHOOLS,** | ) ) ) | |
| **Plaintiff/Counter-Defendant,** | ) ) | **Nos. 1:23-cv-00067-DRL-SLC** |
| **v.** | ) ) | **1:23-cv-00087-DRL-SLC** |
| **L.G.,** *by her Parents and next friends* **J.G.** *and* **L.G.,** | ) ) ) | |
| **Defendants/Counter-Claimants.** | ) | |

## OPINION AND ORDER

Before the Court is an unopposed motion for permission to file the administrative record (ECF 18) filed by Defendants/Counter-Claimants on May 12, 2023, seeking the Court's permission to file the administrative record provided by the Indiana Department of Education ("IDOE"), bate-stamp the administrative record, use bate-stamp numbering for purposes of briefing before the Court, and file a motion to amend or correct any part of the filed bate-stamped administrative record.[1] The motion will be GRANTED IN PART as to Defendants' request to file the administrative record, bate-stamp the administrative record (with a condition set forth herein), and use bate-stamp numbering during briefing but DENIED IN PART as to their request to file a motion to amend or correct the bate-stamped administrative record.

### A. Procedural and Factual Background

This case arises out of Defendants' claim that the Metropolitan School District of Southwest Allen County Schools (the "School') did not provide their disabled child a free and

---

[1] For ease of reference the Court will simply refer to the parties as "Plaintiff" and "Defendants" herein. Additionally, all citations correspond to docket entries in case no. 1:23-cv-00067-DRL-SLC, unless otherwise noted.

appropriate program of education ("FAPE") in violation of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1401, *et seq*. Plaintiff initiated this lawsuit, seeking a declaratory judgment that the Independent Hearing Officer ("IHO") who issued a ruling at the administrative level found in favor of the School and that the School did not deny the child a FAPE under the IDEA. (ECF 1). Defendants subsequently brought suit, seeking a declaration that they are the prevailing party of the administrative proceedings, an order that the School must comply with the IHO's decision, and other relief. (ECF 1 in 1:23-cv-00087-DRL-SLC). On April 19, 2023, the Court entered an Order consolidating case no. 1:23-cv-00087 into case no. 1:23-cv-00067. (ECF 13). On May 12, 2023, Defendants filed the motion that is now before the Court. (ECF 18).

*B.   Legal Standard*

Under the IDEA, "'[a]ny party aggrieved by the findings and decision' of the administrative proceedings may file a civil action in the federal district court or in any state court of competent jurisdiction." *Alex R., ex rel. Beth R. v. Forrestville Valley Cmty. Unit Sch. Dist. No. 221*, 375 F.3d 603, 611 (7th Cir. 2004) (citing 20 U.S.C. § 1415(i)(2)(A)). When a party challenges the outcome of an administrative proceeding, "the district court '(i) shall receive the records of the administrative proceedings; (ii) shall hear additional evidence at the request of a party; and (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate.'" *Id.* (citing 20 U.S.C. § 1415(i)(2)(B)). The district court may take into consideration new evidence or may rely solely on the administrative record. *Id.* at 612; *Evanston Cmty. Consol. Sch. Dist. No. 65 v. Michael M.*, 356 F.3d 798, 802 (7th Cir. 2004).

*C.  Analysis*

In their motion, Defendants first request to file the administrative record which was prepared by the IDOE at the conclusion of the underlying administrative proceedings. This request will be granted, as the Court "shall receive the records of the administrative proceedings" when a party challenges the outcome of an administrative decision, such as here. *See Alex R., ex rel. Beth R.*, 375 F.3d at 611; 20 U.S.C. § 1415(i)(2)(B).

Defendants further request to bate-stamp the administrative record before filing it with the Court, because "[t]he record is not bate-stamped as received from IDOE." (ECF 18 ¶ 5). This request will only be permitted **IF** the parties bate-stamp the first page of the filed administrative record with page "1" and bate-stamp the remaining pages accordingly. This method will ensure that the bate-stamp corresponds to the page numbers automatically generated when the administrative record is opened in ECF and will avoid any confusion, as it is typical for the Court to cite to the ECF-generated page numbers displayed at the top center of the screen when ECF is opened. *See*, *e.g.*, *Williams v. Comm'r of Soc. Sec.*, No. 1:21-cv-00468-SLC, 2023 WL 2237751, at *1 n.1 (N.D. Ind. Feb. 27, 2023). Further, the parties are encouraged to include a bate-stamped index identifying the documents in the administrative record. *Cf.* N.D. Ind. L.R. 5-4 (requiring the use of an index if there are more than four exhibits attached to any pleading, motion, brief, affidavit, notice, or proposed order).

Lastly, the parties request the Court's permission to file motions to amend the administrative record once filed. The parties do not explain, and the Court cannot discern, why such amendment would be warranted *after* filing. After all, a record (administrative or otherwise) is just that: a record. To the extent the parties request permission to offer additional evidence outside the administrative record, the parties are permitted to do so, subject to the Court's

discretion to admit such evidence. *See Michael M.*, 356 F.3d at 802; *Bd. of Educ. of Twp. High Sch. Dist. No. 211 v. Ross*, 486 F.3d 267, 270 (7th Cir. 2007) (the district court "has the discretion to admit additional evidence to supplement the record." (citing 20 U.S.C. § 1415(i)(2)(C)).

The Court notes that the administrative record involves claims related to a minor child. Federal Rule of Civil Procedure 5.2(a) requires that, "[u]nless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's . . . birth date, [or] the name of an individual known to be a minor, . . . a party or nonparty making the filing may include only . . .the year of the individual's birth [and] the minor's initials . . . ." That being said, this redaction requirement does not apply to "the record of an administrative or agency proceeding." Fed. R. Civ. P. 5.2(b)(2). Nevertheless, "[t]he [C]ourt may order that a filing be made under seal without redaction." Fed. R. Civ. P. 5.2(d). Additionally, it is appropriate to file an administrative record under seal in cases involving IDEA administrative proceedings. *See e.g.*, *M.L. ex rel. K.M.L. v. Bourbonnais Sch. Dist. 53*, No. 08-CV-2203, 2010 WL 1050237, at *6 (C.D. Ill. Mar. 15, 2010) (administrative record in IDEA case filed under seal); *C.L. v. Scarsdale Union Free Sch. Dist.*, 913 F. Supp. 2d 26, 30 n.2 (S.D.N.Y. 2012) (same); *Ricci v. Beech Grove City Sch.*, No. 114-cv-00576-TWP-DML, 2016 WL 4088204, at *3 n.1 (S.D. Ind. Aug. 1, 2016) (same); *see also J.C. by & through M.C. v. Sch. Bd. of St. Johns Cnty., Fla.*, No. 3:14-CV-1225-J-39JBT, 2015 WL 13735451, at *1 (M.D. Fla. Jan. 14, 2015) (granting motion to file administrative record under seal in IDEA case); *but see Beer v. USD 512 Shawnee Mission*, No. 21-CV-2365-DDC-TJJ, 2022 WL 1592179, at *2 (D. Kan. May 19, 2022) (denying motion to file administrative record under seal in IDEA case where the minor's parents "share[d] their

family's story with others (including the media) . . . ." (citation omitted)). Therefore, the Court will order the parties to file the administrative record under seal.

### D.  Conclusion

In conclusion, Defendants' unopposed motion for permission to file the administrative record (ECF 18) is GRANTED IN PART as to Defendants' request to file the administrative record, bate-stamp the administrative record, **provided the bate-stamp corresponds to the ECF-generated numbering,** and use the bate-stamp numbering in their briefings. However, Defendants' motion is DENIED IN PART as to their request to file motions to amend or correct the bate-stamped administrative record. The parties are further DIRECTED to file the administrative record UNDER SEAL on or before June 8, 2023. Lastly, the parties are REMINDED to solely enter their filings in case no. 1:23-cv-00067-DRL-SLC.

SO ORDERED.

Entered this 25th day of May 2023.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge